UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff-Respondent,

                                   Criminal Case No.:
v.                                 20-cr-20489

                                   Honorable Gershwin A. Drain

ADAM ANTONIO BRADLEY,

          Defendant-Petitioner.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTON FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) [#57]

### I.    INTRODUCTION

Presently before the Court is the Defendant's Motion for Compassionate Release.  The Government has responded and Defendant has filed a reply brief in support of his present motion.  For the reasons that follow, the Court denies Defendant's Motion for Compassionate Release.

### II.    FACTUAL BACKGROUND

In January and February of 2020, Special Agent Jacobs of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) made undercover purchases of cocaine from an individual in the city of Detroit.  ECF No. 1, PageID.2-7. On many of these occasions, it appeared that the individual that Agent Jacobs directly

purchased the cocaine from was supplied by Bradley immediately prior to the purchase.

On February 26, 2020, law enforcement executed a search warrant at Bradley's residence as a result of the surveillance of many of these undercover purchases. As part of the search of that and another address associated with Bradley, law enforcement recovered amounts of cocaine consistent with distribution. *Id*., PageID.8. Also recovered during this search was a box of plastic baggies and two digital scales, both items consistent with the distribution of drugs. *Id*., PageID.9.  Bradley admitted in a recorded interview with law enforcement that he had sold drugs his entire life and made approximately $800 per week selling drugs. *Id*.  He was released pending further investigation.

On September 28, 2020, Magistrate Judge Steven Whalen authorized a criminal complaint against Bradley sworn out by Special Agent Loy of the ATF. Bradley appeared in Court on September 29, 2020, and was released on bond.

A grand jury indicted Bradley on October 7, 2020, for one count of possession with intent to distribute cocaine. ECF. No.9, PageID.24-28. The indictment included notice to Bradley that he was eligible for an enhanced maximum sentence under 21 U.S.C. § 841. *Id*. at PageID.25.

2

Bradley initially retained Wright Blake to represent him. ECF No. 7, PageID.22.  On March 1, 2021, the government met with Attorney Blake and Bradley in a proffer session with ATF agents. Bradley provided information related to the potential to cooperate against another individual that Attorney Blake represented. The government was unable to resolve this issue with Attorney Blake and eventually moved for the Court to inquire about how Blake intended to handle the conflict. A hearing resulted in Blake no longer representing Bradley.

After that occurred, Attorney Bertram Johnson was appointed to represent Bradley on May 27, 2021.  Mr. Johnson and the government communicated to re-establish Bradley's cooperation. Johnson's review of the discovery and communication with his client regarding this matter was not immediate, but the parties eventually were in a place where Bradley's cooperation could have resumed.

However, by the time that occurred, Bradley had several issues on bond. On August 13, 2021, Bradley got into a car accident that resulted in arrest for driving while intoxicated. ECF No. 28, PageID.122.  In September 2021, a probation violation was issued in Saginaw for an offense that he was on probation for committing when he committed this federal offense. On September 29, 2021, and

October 5, 2021, Bradley tested positive for cocaine and admitted using cocaine prior to both tests.

On September 28, 2021, Bradley pleaded guilty to the offense charged in the indictment pursuant to a plea agreement.  ECF Nos. 26, 49.

On October 20, 2021, the district judge held a bond hearing and modified Bradley's bond conditions, changing them so that Bradley now had home detention and zero tolerance for any positive drug or alcohol tests. ECF No. 29, PageID.124.

On March 14, 2022, the district judge sentenced Bradley to 60 months' imprisonment.   ECF Nos. 43, 50. This matter was reassigned to the undersigned on July 31, 2023.

### III.   LAW & ANALYSIS
#### A.  Standard of Review

The compassionate release provision set forth in 18 U.S.C. §  3582(c)(1)(A) allows the district courts to reduce a term of imprisonment and impose a term of probation or supervised release under certain conditions.  *See* 18 U.S.C. § 3582(c)(1)(A).  Pursuant to this provision, defendants may move for compassionate release on their own behalf after (1) exhausting the Bureau of Prison's administrative process, or (2) thirty days have passed from the warden's receipt of a request for early release—whichever is earlier.  *Id*., *United States v.*

4

*Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion by one of these avenues is a mandatory condition for granting compassionate release.  *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020).  If the Government properly invokes the exhaustion requirement, the Court is compelled to enforce it.  *Id*. at 834.

After satisfying the exhaustion requirement, the statute requires district courts to undertake a three-step test in evaluating a motion for compassionate release.  *Jones*, 980 F.3d at 1107-08.  Specifically, the Court must: (1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" (2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and (3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101).

As to the second factor, the relevant policy statement by the Sentencing Commission is found in the United States Sentencing Guidelines Manual § 1B1.13.  *Jones*, 980 F.3d at 1108 (citation omitted).  Previously, § 1B1.13 applied only to motions filed by the Director of the Bureau of Prisons.  *See Elias*, 984 F.3d at 519 (based on the express language of the former section, "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those

5

motions."). However, the Sentencing Commission recently amended § 1B1.13 to also apply to compassionate release motions initiated by defendants. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28, 254 (May 3, 2023)(effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023)("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A)[.]")

The current iteration of § 1B1.13 moved the list of extraordinary and compelling reasons from the Commentary to the guideline itself as a new subsection (b). The amendment set forth the same three categories of extraordinary and compelling reasons previously found in Application Note 1(A) through (C) and added two new categories and revised the "other reasons" category found in Application Note 1(D).

Section 1B1.13(b) now provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:" (a) the medical circumstances of the defendant–the defendant is suffering from a terminal illness, or other serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, or the defendant is suffering from a medical condition that

6

requires long term or specialized care that is not being provided and without which poses a serious risk of deterioration in health or death, or finally the defendant is housed in a facility with an outbreak of an infectious disease and due to personal health risk factors, the defendant is at increased risk of health complications or death and such risk cannot be mitigated in a timely fashion; or (b) the defendant's age is at least 65 years old, the aging process is causing serious deterioration in mental or physical health and he or she has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (c) the family circumstances of the defendant, such as incapacitation of the defendant's minor child, spouse, parent, grandchild, grandparent or sibling if the defendant is the only available caregiver; or (d) the defendant was the victim of abuse while in custody; or (e) the defendant has served 10 years of an unusually long sentence and a subsequent change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023); § 1B1.13(b)(1)-(4); (6).  Under an additional catch-all provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4)." *Id*. at §1B1.13(b)(5).

A reduction in sentence is consistent with the current version of § 1B1.13 if, in addition to the existence of "extraordinary and compelling" reasons, "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. at §1B1.13(a)(2).  Rehabilitation alone does not qualify as an extraordinary or compelling circumstance; however, it "may be considered in combination with the other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*. at § 1B1.13(d).  An extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to be considered for a reduction in sentence under the new policy statement.  *Id*. at § 1B1.13(e).

District courts may deny compassionate release motions when any of three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the other two.  *See Elias*, 984 F.3d at 519.  However, if the Court grants a motion for compassionate release, it must address all three factors in its reasoning.  *Id*.  The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Partin*, No. 6:17-CR-070-CHB-4, 2024 U.S. Dist. LEXIS 19519, at *6 (E.D. Ky. Feb. 5, 2024 (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

**B.  Exhaustion**

The Court will first address whether Bradley has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  On January 26, 2023, Warden J. Hutchinson received Bradley's request for compassionate release.  The Warden responded on February 14, 2023 and denied Bradley's request.  Bradley filed his present motion for compassionate release roughly two months later, on April 13, 2023.  While Bradley filed his present motion more than thirty days from the date he made his initial request with the Warden, he does not address whether he has appealed this denial. It thus appears that he has not complied with the exhaustion requirement set forth in § 3582(c)(1)(A).  However, because the Government does not address exhaustion in its response and proceeds to the merits of Bradley's request for compassionate release the Court will resolve the motion on the merits despite the fact it appears Bradley has failed to fully exhaust his administrative remedies.

The Court denotes that the Sixth Circuit Court of Appeals has yet to opine on the meaning of the thirty-day exception to the exhaustion provision of § 3582(c)(1)(A); however, district courts in this and other circuits have concluded that the thirty-day exception does not apply where the warden responds within the thirty-day time period and the inmate fails to use the available avenue to fully exhaust his rights.  *See United States v. Woods*, No. 3:13-CR-117-CRS, 2021 U.S.

Dist. LEXIS 119971, at *5-6 (W.D. Ky. Jun. 28, 2021) (concluding the thirty-day

exception provision was not designed to provide a "gotcha" mechanism when a

response is actually received within the thirty-day period and the defendant has an

available means to appeal the denial); *United States v. Haas*, No. 6:17-cr-00037-

GFVT-HAI-1, 2020 U.S. Dist. LEXIS 143863, at *7 (E.D. Ky. Aug. 7, 2020)

(holding that "lapse of 30 days" does not mean "a passage of time" because such

an interpretation would allow a defendant to merely wait thirty days after the

warden's receipt of his or her request, even where the warden responds and denies

the request, before petitioning the court, which renders the statute's "full

exhaustion of administrative remedies" meaningless); *United States v. Smith*, No.

4:95-CR-00019-LPR-4, 2020 U.S. Dist. LEXIS 113423, at *8 (E.D. Ark. May 14,

2020) ("[This] interpretation of 'lapse of 30 days' effectively eliminates any reason

at all for a defendant to engage in the administrative appeals process."); *United

States v. Risley*, No. 1:12-CR-0363 AWI, 2020 U.S. Dist. LEXIS 148078, at *13

(E.D. Cal. Aug. 17, 2020) (holding that "[i]f a defendant's request is not acted upon

within 30 days, the defendant may file a motion for compassionate release in

federal court, but if the request is denied in 30 days, the defendant must continue to

appeal and exhaust available administrative remedies.")(collecting cases).

    Here, after Warden Hutchinson denied Bradley's request for compassionate

release, Bradley had the ability to appeal this decision through the BOP's

administrative remedy procedure set forth in 28 C.F.R. § 542.18, and he failed to

do so.  Thus, Bradley has failed to exhaust his administrative remedies consistent

with § 3582(c)(1)(A).

### C. Merits

However, even if Bradley had exhausted his administrative remedies,

Bradley has not met his burden establishing extraordinary and compelling reasons

to justify a reduction in his sentence under either the previous or current version of

§ 1B1.13.  Bradley first argues that his lack of disciplinary history while in custody

is an extraordinary and compelling reason for a sentence reduction.  Bradley's

argument is not well taken.  Courts have found "that behavior is expected of all

inmates and is in no way exceptional." *Mahan v. Douglas*, No. 1:22-CV-10490,

2022 WL 17352566, at *2 (E.D. Mich. Dec. 1, 2022); *cf. United States*

*v.Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *6 (E.D. Mich. July 12,

2022) (holding that "being an exemplary inmate" is not "an extraordinary and

compelling reason for compassionate release")(citing *United States v. Hunter*, 12

F.4th 555, 572 (6th Cir. 2021)).  Bradley's alleged lack of discipline, completion of

two classes, and work as an electrician in the prison is not extraordinary and does

not deserve a reduction in sentence.

Bradley also attempts to argue his confinement during the COVID-19 pandemic has been unduly harsh warranting early release.  Bradley was not sentenced in this matter until March 2022. Bradley did not endure the earlier portions of the pandemic in confinement, before a vaccine was available and there was large wide spread of COVID-19 in many BOP facilities. His time in custody, which commenced two years after the beginning of the pandemic, was not comparable to that situation and does not amount to an extraordinary and compelling circumstance.

Bradley also makes various assertions regarding the conditions at FCI McKean but provides nothing to substantiate any of these claims. He alleges a very broad claim about forthcoming lockdowns. He further cites to Exhibit 2 of his brief to support this claim but Exhibit 2 contains no information related to these allegations. Even if these allegations were correct, they would not support his early release.  These unsupported claims do not establish extraordinary and compelling circumstances warranting a reduction in sentence.

Because Bradley cannot establish extraordinary and compelling reasons to warrant a sentence reduction in this matter, the Court need not address the § 3553(a) sentencing factors.  *See Elias*, 984 F.3d at 519 (district courts may deny compassionate release motions when any of three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the other two).

## IV.    <u>CONCLUSION</u>

For the reasons articulated above, Bradley's Motion for Compassionate

Release Under 18 U.S.C. § 3582(c)(1)(A)[#57] is DENIED.

SO ORDERED.


Dated:  March 11, 2024                         <u>/s/Gershwin A. Drain</u>
                                               GERSHWIN A. DRAIN
                                               United States District Judge



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2024, by electronic and/or ordinary mail.
<u>/s/ Lisa Bartlett</u>
Case Manager